(80 Misc. Rep. 409.)

### PANKER v. WHITRIDGE.

(Supreme Court, Appellate Term, First Department. April. 16, 1913.)

NEW TRIAL (§ 69*)—GROUNDS.

  Because on a former trial plaintiff, a young, unlettered girl, stated she was dragged about half a block, while on the present trial she said she was "thrown right on the corner" (that is, dragged only a few feet), is not ground for setting aside the verdict for her, especially in view of the uncontradicted testimony as to the nature and extent of her injuries.

  [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 141; Dec. Dig. § 69.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Pauline Panker, an infant, by Dora Baltrich, her guardian ad litem, against Frederick W. Whitridge, receiver of the Dry Dock, East Broadway & Battery Railroad Company. From an order setting aside a verdict for her, plaintiff appeals. Reversed, and verdict reinstated.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Abraham B. Brenner, of New York City (Charles S. Rosenthal, of New York City, of counsel), for appellant.

James L. Quackenbush, of New York City (O. L. Becker, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued for personal injuries alleged to have been received in the following manner: In August, 1912, she was standing in Grand street, at the corner of Essex, when defendant's trolley car, of the new "pay as you enter" type, turned from the latter into the former street and stopped; there being several passengers beside herself waiting to board the car. After the other passengers had entered, she put one foot on the step and grasped the stanchion on the platform with her right hand, when the conductor pulled the bell, and before she could put her other foot on the step she was dragged a short distance and thrown into the street, sustaining some scratches and bruises which incapacitated her from working for two weeks. Defendant's version of the accident is that, before the car came to a stop (this being a regular stop), plaintiff attempted to board the car ahead of the other passengers, and was thrown by the motion of the car, although it moved only one or two feet after she attempted to get aboard.

The jury awarded $100 damages, which verdict the learned trial court set aside, on the ground that plaintiff gave "conflicting and con-

fusing statements as to the manner in which her injuries were occasioned," and also because "it is entirely clear that on the former trial plaintiff grossly exaggerated and misstated the facts as to her accident; * * * such a story presented a picture calculated to excite the sympathy of the jury," etc. This refers to the fact that on the trial the plaintiff was asked where she had been thrown. She said, "Right on the corner." It was then shown that at the previous trial, in answer to a question of the court, she had testified that she had been dragged about half a block. Her own counsel, however, then brought out the fact that on a still earlier trial (on which the jury disagreed) she testified precisely as upon the present trial.

Plaintiff was an apparently unlettered working girl just over 18 years of age. It does not appear to me to be surprising that, in answering questions of the court, she may have said she was dragged about half a block, when it was only a very few feet. The point was fairly immaterial, particularly in view of the uncontradicted nature and extent of her injuries, as she herself testified them to have been. It is rather significant that on the former trial the verdict was for $50, and on the present trial $100. It think it a more just appraisal of this testimony to regard it as one of those casual inaccuracies which witnesses of this type are prone to commit.

It seems to me, on the other hand, that the practically determinative factor in the case was whether or not the conductor pulled the bell. But defendant was confronted with the exceedingly important inconsistency of one of its chief disinterested witnesses, who insisted on the present trial that he did not hear any bell at all in connection with the accident, but admitted that at both previous trials he had said that he saw the conductor pull the bell. Nor should the fact be overlooked that defendant's motorman was not produced at the trial, nor his absence explained.

This is the second verdict in plaintiff's favor; the first one having also been set aside. All the weakness, if there be any, in plaintiff's story, was fully exposed to the jury on the present trial, and I cannot find in the record anything to warrant the assumption that the jury was misled or prejudiced.

The order appealed from should be reversed, with costs, and the verdict reinstated, with costs. All concur.